OPINION
{¶ 1} Anna M. Carter, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court granted the application of the State of Ohio, plaintiff-appellee, to authorize forced psychotropic medications pursuant to R.C. 2945.38.
 {¶ 2} In July 2007, appellant was indicted on one count of felonious assault. On November 5, 2007, she was found to be incompetent to stand trial and ordered to receive *Page 2 
treatment at Twin Valley Behavioral Healthcare to restore her competency. On December 19, 2007, the state filed an application to authorize forced psychotropic medications pursuant to R.C. 2945.38. On January 11, 2008, the trial court conducted a hearing on the state's application. After the hearing, the trial court orally granted the state's application. The trial court entered a judgment granting the application on January 14, 2008. Appellant filed a pro se notice of appeal on February 22, 2008. Appellant was appointed legal counsel May 1, 2008. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
 In entering a forced medication order, the trial court erred in failing to find (1) proof by clear and convincing evidence and (2) that Appellant lacked capacity to give or withhold informed consent regarding her treatment. Accordingly, the trial court's forced medication order did not comply with Steele v. Hamilton Cty. Comm. Health Bd. (2000), 90 Ohio St.3d 176, and should be vacated.
 {¶ 3} Before addressing appellant's assignment of error, we must first address the state's contention that appellant's appeal was untimely. The trial court's judgment was filed January 14, 2008. Appellant filed her notice of appeal February 22, 2008, which was 39 days after the trial court's judgment. App. R. 4(A) provides:
 (A) Time for appeal
 A party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.
 {¶ 4} Here, as indicated above, appellant filed her appeal 39 days after the judgment was filed, nine days beyond the 30-day limit imposed by App. R. 4. However, *Page 3 
pursuant to App. R. 4(A), in a civil case, the 30-day period does not begin to run until the later of the entry of the judgment or service of the notice, if service is not made within the three-day period in Civ. R. 58(B). Here, the record reveals the trial court failed to place an entry on its appearance docket noting service of the judgment. Thus, the issue we must determine is whether a judgment granting an application to authorize forced psychotropic medications, pursuant to R.C. 2945.38, is a criminal or civil matter. If it is a criminal matter, appellant's appeal is untimely; if it is a civil matter, the time for filing appellant's appeal has been tolled, and the appeal is timely.
 {¶ 5} The Ohio Supreme Court gave guidance on this issue in State v.Muncie (2001), 91 Ohio St.3d 440. The court in Muncie addressed whether an appeal of an order granting forced medication under R.C. 2945.38 is a final appealable order. In addressing this issue, it is apparent that the court viewed the appellant's appeal under R.C. 2945.38 as an appeal of a criminal proceeding. The court began its analysis by stating "R.C. 2953.02 authorizes appellate courts to review, in criminal cases, `the judgment or final order' of an inferior court. This court has previously determined that, in order to decide whether an order issued by a trial court in a criminal proceeding is a reviewable final order, appellate courts should apply the definitions of `final order' contained in R.C. 2505.02." (Emphases added.) Id., at 444. The court in Muncie also concluded, "a petition for forced medication under R.C. 2945.38 is a `provisional remedy' ancillary to the criminal action undertaken by the state against an incompetent defendant. * * * `[T]he involuntary administration of medication to an accused person for the purpose of restoring that person's competency to face criminal charges "aids" in the resolution of the criminal proceeding and is "attendant upon" that proceeding.'" Id., at 450. Thus, it is clear from *Page 4 Muncie that the judgment here, which authorized forced psychotropic medications, pursuant to R.C. 2945.38, was an appeal of a criminal matter. Therefore, the tolling provision in App. R. 4 for civil cases does not apply to the present case, and appellant's appeal must be dismissed as being untimely filed within the 30-day period delineated in App. R. 4(A).
 {¶ 6} Accordingly, appellant's appeal is dismissed.
Appeal dismissed.
 McGRATH, P.J., and SADLER, J., concur. *Page 1